IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE RAY ANDERSON,

                Petitioner,

      v.                                        CASE NO. 10-3116-SAC

SAM CLINE, et al.,

                Respondents.

**O R D E R**

This matter is before the court on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, filed by a prisoner incarcerated in a Kansas correctional facility. Petitioner proceeds pro se, and has paid the $5.00 district court filing fee. Having reviewed the record, the court finds the petitioner is subject to being summarily dismissed as time barred. *See* Day v. McDonough, 547 U.S. 198, 209 (2006)(holding "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").

As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, a one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of that one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. See 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

Applying these statutes, the court finds petitioner's application for habeas corpus relief is untimely filed.

Petitioner alleges constitutional error in his 2004 conviction in Sedgwick County District Court. At best, that conviction became final in December 2005 or January 2006, upon termination of petitioner's appeal from the sentence imposed, and the one year limitation period in § 2244(d)(1) expired one year later.[1] Accordingly, petitioner's post-conviction filings in the state court, beginning in November 2009,[2] had no tolling effect on already expired § 2244(d)(1) limitation period.

Nor is there anything in the record to suggest the requirements

---

[1] As amended by AEDPA, 28 U.S.C. § 2244(d) reads:
"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

On the facts provided, § 2244(d)(1)(A) appears to be the only applicable provision for setting the date the limitations period began running in petitioner's case.

[2] It appears petitioner filed a motion in November 2009 to correct an illegal sentence, a motion in January 2010 for a new trial and amendment of the criminal judgment, and a mandamus petition in February 2010 directly to the Kansas Supreme Court which denied the petition on May 18, 2010.

for equitable tolling of the § 2244(d)(1) limitations period could be demonstrated in this case. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling of AEDPA limitations period is limited to rare and exceptional circumstances).

The court thus directs petitioner to show cause why the petition should not be summarily dismissed as time barred. The failure to file a timely response may result in the petition being dismissed without further prior notice to petitioner.

Petitioner's motion for a mandatory "prohibitory injunction" regarding the handling of his legal mail is denied without prejudice. Although the allegations are not clear, there is nothing in the motion that addresses the timeliness of petitioner's filing of the instant petition, or that implicates petitioner's ability to proceed in this matter. As petitioner's motion clearly relates to the conditions of his confinement, he must pursue relief on these non-habeas concerns in a separate civil action pursuant to 42 U.S.C. § 1983. *See* Nelson v. Campbell, 541 U.S. 637, 643 (2004) (constitutional claims merely challenging the conditions of a prisoner's confinement fall outside habeas corpus and should be brought pursuant to § 1983); Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(conditions-of-confinement claims must be brought in § 1983 civil rights complaint rather than in habeas petition).

IT IS THEREFORE ORDERED that petitioner is granted twenty (20)

days to show cause why the petition should not be dismissed as time barred, 28 U.S.C. § 2244(d)(1).

IT IS FURTHER ORDERED that petitioner's motion for injunctive relief (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED: This 10th day of June 2010 at Topeka, Kansas.

                                 s/ Sam A. Crow
                                 SAM A. CROW
                                 U.S. Senior District Judge