# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JESSE RAY ANDERSON,

                    Petitioner,

          v.                              CASE NO. 10-3116-SAC

SAM CLINE, et al.,

                    Respondents.


## O R D E R

Petitioner proceeds pro se seeking a writ of habeas corpus under 28 U.S.C. § 2254. By an order dated June 10, 2010, the court directed petitioner to show cause why the petition should not be dismissed because petitioner did not file it within the one year limitation period imposed by 28 U.S.C. § 2244(d).

In response, petitioner recognizes that relief on allegations of constitutional error must be pursued under § 2254, and argues the § 2244(d) limitation period does not apply where Kansas law allows petitioner "at any time" to file a motion in the sentencing court "to vacate, set aside or correct" the sentence imposed.[1] Petitioner also points to his motion to correct an illegal sentence he filed in the state district court in November 2009, his motion to the same

---

[1]Presumably, petitioner is referring to K.S.A. 22-3504(1) which provides in part that "The court may correct an illegal sentence at any time," and/or K.S.A. 60-1507(a) which at one time read that a prisoner could attack his sentence "at any time" by filing a motion in the sentencing court to "to vacate, set aside or correct the sentence." In 2003, 1507 was amended to delete the "any time" wording, and to impose a one year limitation period. K.S.A. 60-1507(a) and (f)(as amended in 2003).

court in January 2010 for a new trial, and his petition to the Kansas Supreme Court in February 2010 for a writ of mandamus.

However, as set forth in the June 3, 2010, show cause order, petitioner's 2004 conviction and sentence at best became final in 2005 or 2006, and expired one year later. Petitioner's subsequent filing of post-conviction motions in the state courts did not restart the running of the § 2244(d) limitation period, and clearly had no tolling effect on that expired period. To the extent petitioner may have been able to pursue post-conviction options under *state* law, there is no showing under the undisputed facts in this case that any of these state law actions impacted the § 2244(d)(1) time limitation on petitioner's ability to pursue habeas corpus in *federal* court.

Accordingly, for the reasons stated herein and in the show cause order on June 10, 2010, the court finds the petition is untimely filed and should be summarily dismissed.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed as time barred.

**IT IS SO ORDERED.**

DATED: This 18th day of June 2010 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge