**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**JESSE RAY ANDERSON,**

                    **Petitioner,**

          **v.**                                    **CASE NO. 10-3116-SAC**

**SAM CLINE, et al.,**

                    **Respondents.**


                              **O R D E R**

     Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254.
On June 18, 2010, the court dismissed the petition as time barred,
finding petitioner did not submit his petition within the one year
limitation period imposed by 28 U.S.C. § 2244(d)(1), notwithstanding
petitioner's resort to a state post-conviction proceeding after the
federal limitation period had expired.[1]   Before the court are
petitioner's motion to amend that judgment and motion for a new
trial.[2]

     In both motions, petitioner essentially argues his motion under

_____

     [1]Petitioner's state conviction became final in 2004, 28 U.S.C.
§2244(d)(1)(A).  In November 2009, petitioner filed a motion in the
state courts to correct an illegal sentence, K.S.A. 22-3504.

     [2]Petitioner submitted both motions within the 28 day period
required for filing a Rule 59(e) motion to alter and amend the
judgment in this matter.  Because the court dismissed the petition
as time barred rather than on the merits, petitioner's challenge to
perceived defect in the judgment does not constitute a second or
successive habeas petition requiring precertification by the Tenth
Circuit Court of Appeals pursuant to § 2244(b)(3).  Gonzalez v.
Crosby, 545 U.S. 524 (2005).

K.S.A. 22-3504(1) to correct an illegal sentence is a properly filed state post-conviction proceeding entitled to tolling under § 2244(d)(2) of the federal limitations period in § 2244(d)(1). As the court pointed out, however, there is no tolling under § 2244(d)(2) if, as in petitioner's case, the § 2244(d)(1) limitation period has already expired prior petitioner's filing of his motion under K.S.A. 22-3504 in the state courts. Fisher v. Gibson, 262 F.3d 1135 (10th Cir. 2001), *cert. denied*, 535 U.S. 1034 (2002).

To the extent petitioner attempts to incorporate 28 U.S.C. § 2255 into his arguments, his reliance on § 2255 is misplaced. Section 2255 applies to petitioners in *federal* custody, authorizing a federal sentencing court's review of alleged constitutional error in the petitioner's federal conviction or sentence. Because petitioner was convicted in a *state* court, habeas corpus relief on petitioner's allegations must be pursued under § 2254. Section 2255 does not apply to, or expand the time for, habeas corpus review under § 2254 of a state sentence.

Also, petitioner's suggestion that a time limitation on seeking post-conviction review of alleged constitutional error in his state conviction or sentence is unconstitutional has been rejected. *See e.g.,* Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(§ 2244(d) limitation period does not per se constitute an unconstitutional suspension of the writ of habeas corpus).

Finding petitioner has demonstrated no reason for amending the judgment the judgment entered on June 18, 2010, or for granting relief from that judgment, the court denies petitioner's motions.

IT IS THEREFORE ORDERED that petitioner's motion to amend the judgment (Doc. 9) and motion for a new trial (Doc. 10) are denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of July 2010 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge